UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE LEUKEMIA & LYMPHOMA SOCIETY, INC., <br><br>                    Plaintiff, <br><br>     v. <br><br> THE WALTER AND ELIZA HALL INSTITUTE OF MEDICAL RESEARCH, <br><br>                    Defendant. | Case No. 22-CV-10690-NRB |

**<u>Stipulated Protective Order to Govern the Filing of the Amended Complaint and Response</u>**

WHEREAS, Plaintiff The Leukemia & Lymphoma Society, Inc. ("LLS" or "Plaintiff") and Defendant The Walter and Eliza Hall Institute of Medical Research ("WEHI" or "Defendant") were parties to an arbitration conducted under the auspices of the American Arbitration Association (the "Arbitration");

WHEREAS, a Stipulated Protective Order issued in the Arbitration provides that certain confidential discovery and other materials exchanged or used in the Arbitration and so marked as "Confidential" could not be disclosed to the public, and could only be used to litigate the Arbitration;

WHEREAS, the Parties have now entered into a separate agreement between them that identifies with particularity the terms under which the parties can describe or otherwise use under seal certain enumerated confidential documents from the Arbitration, for purposes of LLS's submission of an amended complaint and WEHI's submission of its response thereto, so as to preserve the confidentiality of such documents, and to remove the risk of either party claiming the other has violated the Arbitration's Protective Order;

WHEREAS, in addition, a non-party has its own confidentiality interests in some of the materials LLS and WEHI seek to use in the foregoing filings, and has consented to the use of such

materials in the amended complaint and/or response on the condition that those materials are submitted to the court under seal;

WHEREAS, a condition precedent of the parties' agreement and agreement with a non-party is the entry of a Stipulated Protective Order to govern the confidentiality of the enumerated documents and information described or used in the amended complaint and the response, and that allows for the filing of such information under seal.

WHEREFORE, good cause exists for entry of this Stipulated Protective Order (the "Order");

Accordingly, the Court hereby enters the following Order:

1. **Scope of Protection.**

This Order applies only to certain enumerated documents containing confidential information covered by the Arbitration Protective Order that the parties have agreed may be used for purposes of LLS's amended complaint and WEHI's response thereto so long as the information is filed under seal. Nothing in this Order shall preclude any party or non-party from seeking additional protections regarding confidential information in connection with any other filing or at any later stage of the action.

2. **Filing the Amended Complaint and Response With The Court**

    a. An unredacted version of LLS's amended complaint shall be filed under seal in accordance with the rules and procedures of the U.S. District Court for the Southern District of New York and Section 2 (H) of the Individual Practices of Judge Buchwald (December 2020). A version of the amended complaint that is redacted pursuant to the terms of the parties' agreement shall be filed publicly.

    b. The procedures described in paragraph 2.a shall apply to WEHI's response to the amended complaint.

3. **Disclosure of Unredacted Version of the Amended Complaint and Response.**

Unredacted versions of the amended complaint and response may be disclosed only to:

    i. In-house counsel, outside trial counsel or outside attorneys of record for the Parties, including such attorneys, partners, associates, staff and contract attorneys, and their secretarial, paralegal, clerical and legal assistant staff;

    ii. Officers, directors, or other direct employees of the Parties whose review of the information is reasonably necessary to the prosecution or defense of this litigation, who have first executed a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto);

    iii. The Court and its judges, magistrate judges, law clerks, staff, and any jury selected for the SDNY Action;

    iv. Court reporters, videographers, and their respective staffs employed in connection with this matter, who have first executed a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto); and

    v. Other individuals, upon written agreement by the Parties and only after the individual(s) has executed a written Confidential Undertaking, attached here as Exhibit A.

4. **Limit on Use and Disclosure of Designated Information.**

4.1    Each Party and all persons bound by the terms of this Order shall use the unredacted versions of the amended complaint or response only in connection with the above-captioned action, including any appeal. No Party, or any other person bound by the terms of this Order, shall use the unredacted version of the amended complaint or response for any other purpose including, without limitation, any business, commercial, competitive, regulatory, personal, or other purpose.

4.2    The attorneys of record for the Parties and other persons receiving the unredacted version of the amended complaint or response shall exercise reasonable care to ensure that those filings are (a) used only for the purposes specified herein, and (b) disclosed only to individuals as provided for in paragraph 3.

5. **Confidentiality of Party's Own Documents.**

Nothing herein shall affect the right of the designating Party to disclose its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person. Such disclosure shall not waive the protections of this Order and shall not entitle other parties or their attorneys to disclose such information in violation of this Order, unless by such disclosure of the designating party the information becomes public knowledge.

6. **Waiver or Termination of Order.**

No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating Party, or by an Order from the Court. This Order may be modified, and any matter related to it may be resolved, by written stipulation of the Parties approved by the Court.

| **DLA PIPER LLP (US)** | **BALLARD SPAHR** |
|---|---|
| */s/ Daniel L. Tobey* | */s/ Robert R. Baron, Jr.* |
| Andrew J. Peck | Marjorie J. Peerce |
| andrew.peck@us.dlapiper.com | peercem@ballardspahr.com |
| 1251 Avenue of the Americas, 27th Floor | 1675 Broadway, 19th Floor |
| New York, NY 10020-1104 | New York, NY 10019-5820 |
| Tele: 212.335.4500 | Tele: 212.223.0200 |
| | |
| Daniel L. Tobey | Robert R. Baron, Jr. |
| *Pro hac vice* | Edward D. Rogers |
| danny.tobey@us.dlapiper.com | William B. Igoe |
| 1900 N. Pearl Street, Suite 2200 | Lauren W. Engelmyer |
| Dallas, TX 75201 | Baron@ballardspahr.com |
| Tele: 214.743.4500 | RogersE@ballardspahr.com |
| | igoew@ballardspahr.com |
| Ashley Allen Carr | engelmyerl@ballardspahr.com |
| *Pro hac vice* | 1735 Market Street, 51st Floor |
| ashley.carr@dlapiper.com | Philadelphia, PA 19103-7599 |
| 303 Colorado Street, Suite 3000 | Tele: 215.665.8500 |
| Austin, TX 78701 | |
| Tele: 512.457.7000 | *Attorneys for Defendant The Walter and Eliza Hall Institute of Medical Research* |
| | |
| Karley T. Buckley | |
| *Pro hac vice* | |

karley.buckley@us.dlapiper.com
845 Texas Avenue, Suite 3800
Houston, TX 77002
Tele: 713.425.8400

*Attorneys for Plaintiff The Leukemia &*

**SO ORDERED:**

Hon. Naomi Reice Buchwald
United States District Judge

Dated:   August 10, 2023
          New York, NY

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE LEUKEMIA & LYMPHOMA SOCIETY, INC., | |
| Plaintiff, | Case No. 22-CV-10690-NRB |
| v. | |
| THE WALTER AND ELIZA HALL INSTITUTE OF MEDICAL RESEARCH, | |
| Defendant. | |

## **DECLARATION AND CONFIDENTIALITY UNDERTAKING**

I certify that I have received and read the Stipulated Protective Order Regarding the Filing of Amended Complaint and Response ("Order") in this matter and that I fully understand its terms. I agree to comply with and be bound by the terms of the Order, and I further agree that I shall use materials provided to me in connection with this matter only in accordance with the terms of the Order and for no other purpose.

EXECUTED this _____ day of _____, 20____

_____

Name

_____

Signature

_____

Present Employer or Other Business Affiliation

_____

Business Address