UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE LEUKEMIA & LYMPHOMA
SOCIETY, INC.

            Plaintiff,

    v.

THE WALTER AND ELIZA HALL
INSTITUTE OF MEDICAL RESEARCH,

            Defendant.

Case No. 22-CV-10690-NRB

**JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

---

NAOMI REICE BUCHWALD, United States District Judge:

    **WHEREAS,** the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will likely be exchanged pursuant to and during the course of discovery in this case;

    **WHEREAS,** the Parties, through counsel, agree to the following terms; and

    **WHEREAS,** this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

    **IT IS HEREBY ORDERED** that any Party or person subject to this Protective Order—including without limitation the Parties to this action, their representatives, agents, experts and consultants, and all non-parties providing discovery in this action,—shall adhere to and be protected by the following terms:

    1.    Any Party or person subject to this Protective Order who receives from any other Party subject to this Protective Order any "Discovery Material" (*i.e.,* information of any kind - including documents, Electronically stored information (ESI) or testimony produced or disclosed

1

pursuant to and in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The Party producing any given Discovery Material (each, "Producing Party") may designate as Confidential any document that it reasonably and in good faith believes consists of:

   a. Research, technical, commercial, or financial information that the Producing Party has maintained as confidential;

   b. Information that any Party is under a contractual obligation to maintain as confidential;

   c. information prohibited from disclosure by statute;

   d. Personally Identifiable Information; or

   e. any other category of information that the Parties agree is confidential or that is given confidential status by this Court, upon application by a Party or otherwise, after the date of this Order.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or that Party's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking the document in a manner that will not interfere with legibility or audibility.

4. All depositions shall presumptively be treated as Confidential subject to this Protective Order during the deposition and until thirty days after receipt by counsel of the transcript, unless otherwise agreed to by the Parties. This thirty day period may be extended or shortened by agreement of the Parties. Upon informing all Parties of the portions of a deposition

that are to be designated as Confidential during the thirty day period, the designating Party shall notify the stenographer of those designations and shall take all reasonable steps to ensure that, within seven days, the stenographer circulates a copy of the transcript with a cover that contains a prominent notice that the transcript contains Confidential Information and an index noting the page and line references of any such designations. The Confidentiality of those designations shall not be deemed to be waived if the stenographer does not circulate such a copy within seven days of receiving notification of the designations by the designating Party.

5. Inadvertent or unintentional disclosure of Confidential Discovery Material, or failure to designate a document as "Confidential," shall not be deemed a waiver in whole or in part of a claim to the protection of this Protective Order. If at any time prior to decision on a summary judgement motion (if any) or, if no summary judgment motion is filed, trial of this action, a Producing Party realizes that Discovery Material that it had previously produced without limitation should be designated as Confidential, it may so designate by promptly apprising all prior recipients of the Discovery Material in writing, and such designated Discovery Material will thereafter be deemed to be and treated as Confidential Discovery Material with the revised designation indicated under the terms of this Protective Order. In addition, the Producing Party shall provide each other Party with replacement copies of such Discovery Material that bear the "Confidential" designation within five business days of providing such notice.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. No Party or person subject to this Protective Order other than the Producing Party shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

    a. the Parties to this action, including in-house counsel providing assistance in this action, and their insurers, and counsel to their insurers;

    b. outside counsel retained specifically for this action, including any paralegal, clerical, and other assistant employed by such counsel;

    c. outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services, e-discovery vendors, or other litigation support services) that counsel hire and assign to this matter;

    d. any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

    e. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    f. any non-party witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    g. any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action (including employees, associates, or clerical personnel assisting the expert), provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

      h.   Other individuals, upon written agreement by the Parties and only after the individual(s) has executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

      i.   stenographers and videographers engaged to transcribe or record depositions conducted in this action; and

      j.   this Court, including any appellate court, and the court reporters and support personnel for the same.

8.    Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 7(f)-(h) above, counsel for the Receiving Party must first provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Counsel must retain each signed Non-Disclosure Agreement through the termination of this action, including appeals. .

9.    Disclosure of any Confidential Discovery Material designated as to any person referred to in subparagraphs 7(c) is limited to those vendors or service providers who are expressly bound by duties of confidentiality to outside counsel.

10.    Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel or a Party from disclosing a document containing Confidential Information to any person who appears from the face of the document to have drafted, prepared, executed, or received the document, or any person who is reasonably likely to have had prior legal access to the document or the information contained therein.

11.    Nothing herein shall affect the right of the designating Party to disclose its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other

person.  Such disclosure shall not waive the protections of this Order and shall not entitle other parties or their attorneys to disclose such information in violation of this Order, unless by such disclosure of the designating party the information becomes public knowledge.

12. Any Party who requests additional confidentiality limits on disclosure may, at any time before the trial of this action, serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with this Court's Individual Practices in Civil Cases.

13. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with this Court's Individual Practices in Civil Cases. All Discovery Materials designated as "Confidential" shall at all times be treated confidentially under this Protective Order unless and until the parties formally agree in writing to the contrary, or the Court rules that such Confidential Discovery Materials at issue are not entitled to the designation given by the Producing Party or such protection is otherwise conditioned.

14. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation or proceeding. Specifically (and by way of examples and not limitations), Recipients may not use Confidential Discovery Material for any business, commercial, or competitive purpose.

15. Each Party who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16. Any Confidential Discovery Material, including but not limited to Personally Identifiable Information (*e.g.,* social security numbers, financial account numbers, passwords, and information that may be used for identity theft), or other information that constitutes "personal data" or "personal information" under data protection laws (including the Australia Privacy Principles and the Australian Privacy Act), exchanged in discovery shall be maintained by the Parties who receive such information and are bound by this Protective Order in a manner that is secure, confidential, and in compliance with applicable data protection laws. In the event that the Party receiving Confidential Discovery Material experiences a data breach involving such material, she, he, or it shall immediately notify the Producing Party of the same, investigate, and take reasonable efforts to remediate the effects of the breach, provide sufficient information about the breach, and cooperate with the Producing Party to address and remedy the breach, in a manner consistent with the policies and procedures of the Receiving Party and or its counsel and with applicable laws and regulations. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access, to remediate the breach, and to take such actions as are required by applicable laws, including data protection laws. After notification, the Receiving Party shall keep the Producing Party reasonably informed of remediation efforts. Nothing herein shall preclude the Producing Party from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the Receiving Party's failure to appropriately protect Confidential Discovery Material from unauthorized disclosure.

17. To the extent any non-parties are called upon to produce documents or information in this matter, any and all such non-parties shall have all of the benefits and obligations of the terms and protections of this Order by designating as "Confidential" any documents, information, or materials it is producing, or any testimony they are providing, in the manner set forth in Paragraph 2.

18. Nothing in this Protective Order will prevent any Party subject to it from producing any Confidential Discovery Material in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such Party receiving a request, will provide written notice to the Producing Party before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so including by referencing the existence of this Protective Order.

19. In filing Confidential Discovery Material with the Court under seal, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. All Parties seeking to file redacted documents or documents under seal with the Court shall follow this Order, and the Electronic Case Filing Rules & Instructions of The Southern District of New York ("SDNY ECF Rules"), and the Court's Individual Practices in Civil Cases. While this Order serves as a prior order of the Court permitting filing under seal pursuant to Rules 6.1 and 6.12 of the SDNY ECF Rules, the Parties shall use their best efforts to minimize such sealing.  The Parties further

understand that the Court grants this Protective Order subject to modification should the Court determine as the litigation proceeds that the interests articulated in the motion are outweighed by the public's presumption of access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

20. After the Parties submit their joint proposed final pretrial order to the Court, the Parties and the Court will confer regarding whether any confidential information is entitled to protections from disclosure at trial.

**21.** Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

22. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information ("Disclosed Protected Information"), whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b) do not apply. This paragraph shall not apply as to a document that a party produced with the intent to waive the attorney-client privilege, work product protection, or other applicable privilege. Federal Rule of Evidence 502(a) shall apply where the waiver of privilege or work product is intentional. Nothing contained herein is intended to or shall serve to limit a party's right or duty to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

23. The party asserting privilege shall notify all recipients in writing of the specific Disclosed Protected Information that has been produced ("Claw-Back Notice"). Immediately upon receiving the Claw Back Notice, the Receiving Party shall not review, copy, or otherwise disseminate the documents or materials, nor shall it disclose their substance. The Receiving Party shall also return or destroy the documents or materials and all copies, including all electronic copies from all systems used to house or store documents, including document review databases, e-rooms, laptops, storage devices, and any other locations or things that store the Disclosed Protected Information, within three business days from receiving notice. The Producing Party must provide a privilege log for the allegedly privileged documents or materials, within five business days of providing notice to the Receiving Party. The Producing Party must also preserve the information until the claims of privilege or protection are resolved. To the extent the Receiving Party intends to challenge the claw-back, it may retain one copy of the Disclosed Protected Information, and sequester it in a manner that will prevent further disclosure or dissemination of their contents pending further order of the Court.

24. Independent of the duties of a party required by Federal Rule of Civil Procedure 26(b)(5)(A) and SDNY Local Civil Rule 26.2, the party asserting privilege as a basis for Claw-Back will provide an articulation of the basis for the assertion of privilege to the Receiving Party for each document declared as Disclosed Protected Information within five business days of sending the Claw-Back Notice. If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must within ten days of receiving the articulation of the basis for the privilege concerning the clawed-back information, meet and confer with the party asserting privilege to attempt to resolve the claim of protection with respect

to the Disclosed Protected Information.  The Parties shall undertake reasonable efforts to resolve the issue of whether the documents are privileged without Court intervention.  If resolution cannot be reached, the Receiving Party must, within ten days of the receipt of the claw-back articulation of the basis for the privilege, move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). In the event that the Receiving Party files such a motion, it may not refer to the content of the Disclosed Protected Information or assert as a ground for compelling production the fact or circumstance that the Disclosed Protected Information had already been produced, and the Producing Party shall have the burden of proving that the Disclosed Protected Information are privileged or immune from discovery.  Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the Disclosure Motion.

25. If a Receiving Party is in receipt of a document from a Producing Party which the Receiving Party has reason to believe is privileged or protected, the Receiving Party shall in good faith take reasonable steps to promptly notify the Producing Party of the production of that document so that the Producing Party may make a determination of whether it wishes to have the document designated as Disclosed Protected Information subject to this Protective Order.

26. This Protective Order shall survive the termination of the litigation and will continue to be binding upon all Parties subject to this Order to whom Confidential Discovery Material is produced or disclosed.  Within 60 days of the final disposition of this action— including all appeals—all recipients of Confidential Discovery Material must either return it— including all copies thereof—to the Producing Party, or, upon permission of the Producing Party, destroy such material—including all copies thereof. In either event, by the 60-day deadline, the

recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, including deposition transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

27. This Court shall retain jurisdiction over all Parties and other persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

28. LLS and WEHI were parties to an American Arbitration Association proceeding, AAA Case No. 01-20-00007-5771 (the "Arbitration"). For convenience only, documents (including but not limited to transcripts, affidavits or declarations, and written materials of any type) produced in the Arbitration ("Arbitration Discovery Materials") will be deemed to have been produced in this Action and, for further convenience (and to the extent such produced documents have a bates number from the Arbitration), will retain the same bates-labeling and confidentiality designations as in the Arbitration. (If a party is missing any such documents, it can ask the opposing party to re-produce it.) The production of Arbitration Discovery Materials in this Action shall not be deemed to be a concession regarding the discoverability, relevance, admissibility, or confidentiality of any document.   No Party waives its right to challenge the admissibility or use of any Arbitration Discovery Materials in this Action.

29. This Protective Order replaces the Stipulated Protective Order to Govern the Filing of the Amended Complaint and Response dated August 10, 2023 (ECF #37).

SO STIPULATED AND AGREED.

//

| **DLA PIPER LLP (US)** | **BALLARD SPAHR** |
|---|---|
| /s/ *Andrew J. Peck* | /s/ *Marjorie J. Peerce* |
| Andrew J. Peck | Marjorie J. Peerce |
| andrew.peck@us.dlapiper.com | peercem@ballardspahr.com |
| 1251 Avenue of the Americas, 27th Floor | 1675 Broadway, 19th Floor |
| New York, NY 10020-1104 | New York, NY 10019-5820 |
| T: 212.335.4500 | T: 212.223.0200 |
| | |
| Daniel L. Tobey | Robert R. Baron, Jr. |
| *Pro hac vice* | Edward D. Rogers |
| danny.tobey@us.dlapiper.com | William B. Igoe |
| 1900 N. Pearl Street, Suite 2200 | Lauren W. Engelmyer |
| Dallas, TX 75201 | Baron@ballardspahr.com |
| T: 214.743.4500 | RogersE@ballardspahr.com |
| | IgoeW@ballardspahr.com |
| Ashley Allen Carr | EngelmyerL@ballardspahr.com |
| *Pro hac vice* | 1735 Market Street, 51st Floor |
| ashley.carr@us.dlapiper.com | Philadelphia, PA 19103-7599 |
| 303 Colorado Street, Suite 3000 | T: 215.665.8500 |
| Austin, TX 78701 | |
| T: 512.457.7000 | *Attorneys for Defendant The Walter and Eliza Hall Institute of Medical Research.* |
| | |
| *Attorneys for Plaintiff The Leukemia & Lymphoma Society.* | |

**SO ORDERED:**

_____
Honorable Naomi Reice Buchwald
United States District Judge

Dated:     October 23, 2024
           New York, New York

13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE LEUKEMIA & LYMPHOMA SOCIETY, INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>THE WALTER AND ELIZA HALL INSTITUTE OF MEDICAL RESEARCH,<br><br>      Defendant. | Case No. 22-CV-10690-NRB<br><br>**NON-DISCLOSURE AGREEMENT** |

  I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of Discovery Materials that have been designated as Confidential ("Confidential Discovery Material"). I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation, I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:_____

                                _____
                                Print Name/Affiliation